## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cv-61124-ALTMAN/Hunt

JAMES A. WILLIAMS,

      *Plaintiff*,

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS"),

      *Defendant*.

_____/

## ORDER DENYING MOTION FOR
## LEAVE TO FILE FOURTH AMENDED COMPLAINT

The Plaintiff has filed a Motion for Leave to File a Fourth Amended Complaint (the "Motion")

[ECF No. 57]. After careful review, we now **DENY** the Motion *without prejudice*.

### BACKGROUND

On April 26, 2024, Mr. Williams filed a Motion for Leave to File a Third Amended Complaint

[ECF No. 53]. In denying that motion, we held:

> Mr. Williams asks for leave to amend his complaint a third time to add "additional
> defendants," including "Unknown USCIS agents," "Unknown USCIS Supervisors,"
> "John Doe," and "Jane Doe." Motion at 1. He seeks to hold these "[i]ndividual agents
> . . . accountable under Biven." *Id.* at 2 (error in original). After careful review, we now
> **DENY** the Motion for two reasons.
>
> First, other than telling us that "[t]his is in the best interest of Justice," *id.* at 1, Mr.
> Williams hasn't shown good cause to add new claims against new, anonymous parties.
> On the contrary, allowing the Plaintiff "to join such broad and ill-defined allegations
> against various named and unnamed new parties would prejudice [the Defendant] and
> would only serve to complicate and delay the resolution of this case." *Smith v. Owens*,
> 2012 WL 7149234, at *3 (M.D. Ga. June 15, 2012), *report and recommendation adopted*,
> 2013 WL 592415 (M.D. Ga. Feb. 14, 2013).
>
> Second, Mr. Williams seeks to assert a *Bivens* claim against individual USCIS agents for
> "denying [his] application for citizenship," for "extort[ing]" him by requiring him to
> pay a fee, and for "obtaining [ ] money by false or fraudulent pretenses[.]" Proposed
> Third Amended Complaint [ECF No. 53-1] at 12–13. But *Bivens* has never been

extended to these contexts, and the Supreme Court has "steadfastly refused to recognize any new causes of action under *Bivens*" for over forty years. *Jean-Denis v. Ruiz*, 2023 WL 112060, at *3 (S.D. Fla. Jan. 5, 2023) (Altman, J.) (citing *Hernandez v. Mesa*, 589 U.S. 93 (2020)). We won't now extend *Bivens* to these new contexts here. The Motion is therefore **DENIED**.

Corrected Order Denying Motion for Leave to File Third Amended Complaint [ECF No. 58] at 1–2.

In lieu of a response to the pending Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss") [ECF No. 50], Mr. Williams has now filed *yet another* motion for leave to file an amended complaint. *See* Motion for Leave to File Fourth Amended Complaint. In his Proposed Fourth Amended Complaint [ECF No. 57-1], Mr. Williams seeks to bring the following claims against USCIS, two new named employees of USCIS, and the anonymous defendants "Jane Doe," "John Doe," "Unknown USCIS Agents," and "Unknown USCIS Supervisors": "Count I: Violation of the Equal Protection Clause of the Fourteenth Amendment"; "Count II: First Amendment Retaliation"; "Count III: Bivens Claim for Constitutional Violations"; "Count IV: Violation of the Privacy Act of 1974"; "Count V: Violation of the Administrative Procedure Act"; "Count VI: Request for Injunctive and Declaratory Relief." *See* Proposed Fourth Amended Complaint at 5–9.

## ANALYSIS

We deny the Plaintiff's Motion for Leave to File a Fourth Amended Complaint for two reasons.

*First*, the Proposed Fourth Amended Complaint purports to bring claims we've already dismissed *with* prejudice. *See* Order Granting Motion to Dismiss [ECF No. 34] at 14 (dismissing the "Plaintiff's money-damages claims" under the APA and the Equal Protection Clause of the Fourteenth Amendment "*with prejudice*" and "warn[ing] the Plaintiff that he may not replead the claims we have dismissed *with prejudice*"); Proposed Fourth Amended Complaint at 8 (repleading claim for violation of the APA and asking the Court to "order . . . recovery of all additional fees and financial burden[ ] unjustly imposed on the Plaintiff"); *id.* at 5–6 (requesting "compensatory and punitive damages" for

2

the Defendant's "[v]iolation of the Equal Protection Clause of the Fourteenth Amendment"). Because we've already dismissed *with prejudice* the Plaintiff's money-damages claims under the APA and the Equal Protection Clause,[1] any amendment that includes these claims would be futile. *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162–63 (11th Cir. 2019) ("[T]he District Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."); *Johnson v. Belcher*, 2024 WL 492775, at *3 n.33 (N.D. Ga. Feb. 8, 2024) ("[T]he proposed amendment is, in large part, futile because it attempts to reassert numerous causes of action that have already been dismissed with prejudice.").

*Second*, Mr. Williams wants to advance the following *Bivens* cause of action for claims that (he says) arise under the First and Fourteenth Amendments:

> Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a victim of a constitutional violation by federal agents acting under color of their authority has a right to recover damages against those agents in their individual capacities.
>
> In this case, Defendants, acting under color of their authority and in their roles as USCIS agents and supervisors, violated Plaintiff's constitutional rights under the First and Fourteenth Amendments by engaging in discriminatory practices and retaliation. The individual actions of Defendants Jane Doe, John Doe, Neasman, IRA, and Emigdio F. Martinez, which included imposing additional requirements on Plaintiff based on his gender and race, denying his application in retaliation against him for exercising his First Amendment Rights, are actionable under Bivens for their direct impact on Plaintiffs constitutional rights.
>
> The conduct of Defendants was intentional, willful, and malicious, and taken with reckless indifference to the federally protected rights of Plaintiff, thereby warranting compensatory and punitive damages. Therefore, Plaintiff seeks an award of damages against the individual Defendants in their personal capacities for the constitutional

---

[1] As we explained in our Order Granting the Motion to Dismiss, Mr. Williams's claims for damages under the APA and the Equal Protection Clause are barred by sovereign immunity. *See Previl v. United States*, 2017 WL 11697330, at *3 (S.D. Fla. Apr. 28, 2017) (Lenard, J.) ("The United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations."); *Haque v. U.S. Att'y Gen.*, 2015 WL 2251089, at *3 (N.D. Cal. May 13, 2015) ("Neither the INA nor APA contain express waivers of the government's sovereign immunity for monetary damages.").

violations perpetrated against him, as well as any further relief this Court deems just and appropriate.

Proposed Fourth Amended Complaint at 7.

In *Bivens*, the Supreme Court "held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 596 U.S. 482, 490 (2022) (quoting *Bivens*, 403 U.S. at 397). Since *Bivens*, the Supreme Court has only "twice . . . fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)." *Id.* at 490–91.

Notably, "[t]he Supreme Court has not recognized a *Bivens* cause of action for claims arising under the First . . . and Fourteenth Amendments." *Montalban v. Samuels*, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022) (per curiam). As a result, courts (including the Eleventh Circuit) routinely decline to extend a *Bivens* remedy to First and Fourteenth Amendment claims. *See ibid.* ("Here, the district court properly concluded that Montalban did not have a *Bivens* cause of action to raise his First, Fifth, Sixth, and Fourteenth Amendment claims. Each of these claims arise in a new context, because they differ in a meaningful way from the three existing *Bivens* contexts recognized by the Supreme Court . . . . Further, special factors counsel hesitation in extending *Bivens* in this context . . . . The Supreme Court has not recognized a *Bivens* cause of action for claims arising under the First, Sixth, and Fourteenth Amendments."); *Johnson v. Burden*, 781 F. App'x 833, 836 (11th Cir. 2019) ("[T]he Supreme Court has repeatedly confirmed that it has not extended a *Bivens* remedy to First Amendment claims."); *Makere v. Fitzpatrick*, 2022 WL 17178753, at *4 n.4 (N.D. Fla. Nov. 8, 2022) (Bolitho, Mag. J.), *report and recommendation adopted*, 2022 WL 17178700 (N.D. Fla. Nov. 23, 2022) (Hinkle, J.) ("Plaintiff's claims

[ ] fail because they are not cognizable under *Bivens* . . . . Plaintiff claims violations of the First, Seventh, and Fourteenth Amendments. None of those claims fall within the three categories where the Supreme Court has authorized *Bivens* actions.").

As we've said, the Supreme Court has "steadfastly refused to recognize any new causes of action under *Bivens*" for over forty years. *Jean-Denis v. Ruiz*, 2023 WL 112060, at *3 (S.D. Fla. Jan. 5, 2023) (Altman, J.) (citing *Hernandez v. Mesa*, 589 U.S. 93 (2020)). "As a result, any [ ] emendation" attempting to extend *Bivens* to claims arising under the First and Fourteenth Amendments "would be futile—and we needn't grant leave to amend where the amendment would be futile." *Burgos v. Walmart Stores, Inc.*, 2023 WL 7521634, at *5 (S.D. Fla. Nov. 14, 2023) (Altman, J.) (citing *Crawford's Auto Ctr.*, 945 F.3d at 1162–63).

Accordingly, the Motion for Leave to File a Fourth Amended Complaint [ECF No. 57] is **DENIED** as follows:

1. Because Mr. Williams is proceeding *pro se*, we'll allow him—**by May 31, 2024**—to file one more motion for leave to amend and a proposed amended complaint. In that proposed amended complaint, *he may not replead any claims we have dismissed with prejudice*, including his money-damages claims under the APA and the Equal Protection Clause. He may, however, advance a *Bivens* claim under the Fifth Amendment for sex discrimination—if he reasonably believes that such a claim is viable.

2. The deadline to respond to the Motion to Dismiss is hereby **EXTENDED** to **May 31, 2017**.

3. If the Plaintiff fails to file a renewed motion for leave to amend and a proposed amended complaint by May 31, 2024, we will adjudicate the pending Motion to Dismiss (with or without a response).

**DONE AND ORDERED** in the Southern District of Florida on May 17, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        James A. Williams, *pro se*

6